UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20566-CR-MARTINEZ/OTAZO-REYES**

18 U.S.C. § 554(a)
22 U.S.C. §§ 2778(b)(2) and (c)
18 U.S.C. § 981(a)(1)(C)
22 U.S.C. § 401

UNITED STATES OF AMERICA

vs.

CHRISTOPHER DANIEL STINES,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The export of arms, ammunition, implements of war and defense articles and services from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Sections 120-130.

2. The AECA authorized the President, among other things, to control the export of "defense articles" deemed critical to the national security and foreign policy interests of the United States. The AECA also authorized the President to designate items as "defense articles," require licenses for the export of such articles, and promulgate regulations for the export of such articles. By executive order, the President delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). Accordingly, the DDTC promulgated regulations under the AECA, which were known as the International Traffic in Arms Regulations

("ITAR").

3.   The ITAR implemented the provisions of the AECA, and established the framework for regulating the export of defense articles. The ITAR defined an "export" as the sending or taking of a defense article out of the United States in any manner. The ITAR defined a "defense article" to be any item on the United States Munitions List ("USML"). The ITAR contained the USML.

4.   The USML set forth 21 categories of defense articles and services subject to export licensing controls. Category I(a) on the USML included semi-automatic firearms to .50 caliber inclusive (12.7mm). Category I(g) included barrels, cylinders, receivers (frames) or complete breech mechanisms for the articles in paragraphs I(a) through I(d). Category I(h) included components, parts, accessories and attachments for the articles in paragraphs I(a) through I(g).

5.   At all times relevant to this Indictment, the following defense articles were designated on the USML as a Category I defense article, and required an export license from the DDTC to export from the United States to a place outside thereof: AR-15 triggers; AR-15 selector switches; AR-15 hammers; AR-15 disconnectors; AR-15 hammer and trigger pins; and AR-15 trigger guards.

6.   Persons desiring to export arms, ammunition, implements of war, and defense articles and services specified on the USML from the United States were required to register with the DDTC and obtain individual export licenses for each shipment abroad prior to the export, as set forth in Title 22, Code of Federal Regulations, Sections 122 and 123. At all times relevant to this Indictment, it was illegal to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

7.     At no time did the defendant, **CHRISTOPHER DANIEL STINES**, apply for or receive a license or written authorization from the DDTC to export defense articles designated on the USML, including but not limited to AR-15 triggers, AR-15 selector switches, AR-15 hammers, AR-15 disconnectors, AR-15 hammer and trigger pins, and AR-15 trigger guards.

**<u>COUNT 1</u>**
**Smuggling Goods Outside of the United States**
**(18 U.S.C. § 554(a))**

1.     The allegations set forth in paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about August 22, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CHRISTOPHER DANIEL STINES**,

did fraudulently and knowingly attempt to export and send from the United States to a place outside thereof, that is, Haiti, any merchandise, article, and object, that is firearm parts, and did conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1; in violation of Title 18, United States Code, Sections 554(a) and 2.

3.     It is further alleged that the firearm parts are:

    a.     Eight (8) AR-15 triggers;

    b.     Five (5) AR-15 selector switches;

    c.     Three (3) AR-15 hammers;

3

    d.    Two (2) AR-15 disconnectors;

    e.    Three (3) AR-15 hammer and trigger pins; and

    f.    Two (2) AR-15 trigger guards.

### COUNT 2
### Arms Export Control Act
### (22 U.S.C. §§ 2778(b)(2) and (c))

1. The allegations set forth in paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about August 22, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CHRISTOPHER DANIEL STINES,**

did knowingly and willfully attempt to export "defense articles," that is, firearm parts, from the United States to a place outside thereof, that is, Haiti, without having first obtained the required license or other written approval from the United States Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), Title 22, Code of Federal Regulations, Sections 121.1, Category I, Subparts (g) and (h), and 127.1(a)(1), and Title 18, United States Code, Section 2.

### FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C); 22 U.S.C. § 401)

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CHRISTOPHER DANIEL STINES**, has an interest.

2. Upon conviction of any violation alleged in this Indictment, the defendant shall

forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of the violation of Title 22, United States Code, Section 2278 as alleged in this Indictment, the defendant shall forfeit to the United States, any arms or munitions of war or other articles intended to be exported or removed from the United States in violation of the law, pursuant to Title 22, United States Code, Section 401(a).

4. The property subject to forfeiture, includes but is not limited to, twenty-three (23) AR-15 assault rifle weapon parts including eight (8) AR-15 triggers; five (5) AR-15 selector switches; three (3) AR-15 hammers; two (2) AR-15 disconnectors; three (3) AR-15 hammer and trigger pins; and two (2) AR-15 trigger guards.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 22, United States Code, Section 401 and the procedures set forth in Title 21, United States Code, section 853, made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CHRISTOPHER DANIEL STINES,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New defendant(s)         Yes ___   No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   _____

4. This case will take  4-5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I   | 0 to 5 days     | ✓ |
   | II  | 6 to 10 days    |   |
   | III | 11 to 20 days   |   |
   | IV  | 21 to 60 days   |   |
   | V   | 61 days and over|   |

   (Check only one)

   | | |
   |---|---|
   | Petty   |   |
   | Minor   |   |
   | Misdem. |   |
   | Felony  | ✓ |

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   19-mj-03349-LMR
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of   August 22, 2019
   Defendant(s) in state custody as of   _____
   Rule 20 from the District of   _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT COURT NO. A5502535

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Christopher Daniel Stines

**Case No:** _____

Count #: 1

Smuggling Goods Outside of the United States

18 U.S.C. § 554(a)

***Max. Penalty:** 10 Years' Imprisonment

Count #: 2

Arms Export Control Act

22 U.S.C. § 2778(c)

***Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**