UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20566-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

CHRISTOPHER DANIEL STINES,

Defendant.
_____/

### FACTUAL PROFFER

The United States of America (the "United States") and Defendant Christopher Daniel Stines (the "defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida and elsewhere:

The export of arms, ammunition, implements of war, and defense articles and services from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Sections 120-130. The AECA authorized the President to designate items as "defense articles," require licenses for the export of such articles, and promulgate regulations for the export of such articles. By executive order, the President delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). The DDTC promulgated regulations under the AECA, which are known as the ITAR. The ITAR defined an "export" as the sending or taking of a defense article out of the United States in any manner. The

*Court Exhibit #1*

ITAR defined a "defense article" to be any item on the United States Munitions List ("USML"). The ITAR contained the USML.

On August 22, 2019, the defendant was scheduled to travel from Miami, Florida, to Port-au-Prince, Haiti, on Air France flight 619. The day of the scheduled flight, the defendant checked one piece of luggage that contained twenty-three (23) AR-15 firearm parts. The twenty-three (23) parts consisted of eight (8) AR-15 triggers, five (5) AR-15 selector switches, three (3) AR-15 hammers, two (2) AR-15 disconnectors, three (3) AR-15 hammer and trigger pins, and two (2) AR-15 trigger guards. The parts were all considered "defense articles" designated on the USML and required an export license from the DDTC to export from the United States to a place outside thereof. The defendant did not have an export license from the DDTC.

The defendant knew that the firearm parts were regulated and that exporting them without proper approval was illegal.

The parties agree that these facts, which do not include all facts known to the United States and the defendant, are sufficient to prove Count 1 of the Indictment.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 1/15/2020   By: _____

ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

Date: 1/15/2020   By: _____

ANDELL K. BROWN
ATTORNEY FOR DEFENDANT

Date: 1-15-2020   By: _____

CHRISTOPHER DANIEL STINES
DEFENDANT